NOT DESIGNATED FOR PUBLICATION

No. 116,258

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

HAIXU LI,
*Appellee*,

v.

JING YANG,
*Appellant*.

MEMORANDUM OPINION

Appeal from Riley District Court; WILLIAM M. MALCOLM, judge. Opinion filed August 4, 2017.
Affirmed.

*Nicholas J. Heiman*, of Heiman Law Office, of Manhattan, for appellant.

*Richard H. Seaton, Jr.*, of Seaton, Seaton & Dierks, LLP, of Manhattan, for appellee.

Before BUSER, P.J., MALONE, J., and HEBERT, S.J.

*Per Curiam*:  Jing Yang appeals the district court's final order of protection from stalking issued against her, arguing that there was insufficient evidence for the district court to grant the order. Finding there was substantial competent evidence to support the issuance of the order, we affirm the district court's decision.

On February 24, 2016, Haixu Li filed a petition for protection from stalking against her next-door neighbor, Yang. In her petition, Li alleged that Yang had "harass[ed], insult[ed], humiliate[ed], torment[ed], [and] terroriz[ed]" her and her family

every time Yang encountered them. The district court issued a temporary order of protection from stalking against Yang and scheduled a final hearing.

The district court held the final hearing on June 24, 2016. Li first called Amanda Campanella who testified about an incident that occurred during children's story time at the public library on February 23, 2016. Campanella stated that after story time ended, Yang entered the room and started yelling that Li had hit Yang's daughter and told Campanella to call the police. Next, Zhilong Yang (no relation to defendant) testified that sometime in August 2015 he was visiting Li and her family at their house and when he looked out the window, he saw Yang standing in front of the house staring at him. He testified that Yang's behavior made him feel uncomfortable.

Na Sun testified next through an interpreter. She stated that she had plans to go to story time at the library with Li on February 23, 2016, but Li called Sun and told her that she was afraid of encountering Yang at the library. Specifically, Li told Sun that every time she saw Yang, Yang verbally assaulted her. Li and Sun decided to go to the library anyway, but Sun arrived late. Sun stated that Yang beckoned her over to where she was sitting and told her to "watch out" for Li because she had hit Yang's kids. After story time was over, Sun testified that Li and Yang got into an argument. Sun recounted that as they were leaving, Yang pointed her finger in Li's face and yelled at her saying, "I caught you hit[ting] my daughter today so you cannot leave." Yang was also blocking the entrance so Li could not leave. Sun testified that someone on the library staff called the police.

Li testified next through an interpreter. She stated that prior to story time on February 23, 2016, Yang verbally assaulted her by calling her a "bitch" and "shameless." Then after story time ended, Yang approached her saying, "I've been looking for you for a long time. Today don't try to leave. You hit my daughter." Li testified that Yang pointed her finger in her face and she was afraid Yang was going to hit her. Specifically, Li was asked on direct examination, "Were you afraid?" Li responded, "Yes."

2

Li also testified about an incident that occurred in August 2014 when she was standing in front of her garage. Li recounted that Yang stood in her own driveway and complained that Li's plants were encroaching into Yang's property. According to Li, after she told Yang to mind her own business, Yang called her "shameless" and said that "every time I see you I'm going to verbally assault you." Li stated that she went back inside her house but she could see Yang yelling at her from her kitchen window. Li testified on direct examination that after this incident, she was unable to sleep the whole night and she actively tried to avoid Yang because she was afraid of her. On cross-examination, Li stated that as a result of Yang's actions, Li did not feel afraid, but her life was altered because of the "constant confrontation [and] constant assault."

After Li rested, Yang testified on her own behalf. She stated that Li hit her oldest daughter in May 2014, about a month after they moved in next door. Yang also stated that on February 23, 2016, she was trying to avoid Li at story time, but that Li approached her first and called her a "psycho." Yang maintained that she never threatened Li at story time and instead she was the victim and was afraid of Li's family. Yang also denied telling Li that she would verbally assault her every time she saw her.

After hearing the evidence, the district court granted Li's petition for an order of protection from stalking against Yang. The district court specifically identified the "library incident" and the "driveway incident" as two occasions where Yang threatened Li, which amounted to stalking. The district court signed an order enjoining Yang from stalking and harassing Li, which included a no-contact order that remained effective until June 24, 2017. Yang timely appealed the final order.

On appeal, Yang argues that the district court erred by issuing the order of protection from stalking. Specifically, Yang argues there was insufficient evidence for the district court to find by a preponderance of the evidence that Li feared for her safety.

3

Conversely, Li argues that the district court's final order of protection from stalking was supported by substantial competent evidence.

Yang challenges the sufficiency of the evidence, so this court's function is to determine whether the district court's findings are supported by substantial competent evidence and whether those findings are sufficient to support the district court's ultimate conclusions of law. *Wentland v. Uhlarik*, 37 Kan. App. 2d 734, 736, 159 P.3d 1035 (2007). When assessing the sufficiency of the evidence, we view the evidence in the light most favorable to the prevailing party and we do not reweigh evidence or reevaluate the credibility of witnesses. 37 Kan. App. 2d at 736. When considering the district court's legal conclusions, however, our review is unlimited. 37 Kan. App. 2d at 736.

The Protection from Stalking Act, codified at K.S.A. 60-31a01 *et seq.*, "shall be liberally construed to protect victims of stalking and to facilitate access to judicial protection for stalking victims." K.S.A. 60-31a01(b). The petitioner in a protection from stalking case bears the burden of proving the allegations of stalking by a preponderance of the evidence. K.S.A. 2016 Supp. 60-31a05. What constitutes stalking under the Protection from Stalking Act is contained in three related definitions:

> "(a) 'Stalking' means an intentional harassment of another person that places the other person in reasonable fear for that person's safety.
> "(b) 'Harassment' means a knowing and intentional course of conduct directed at a specific person that seriously alarms, annoys, torments or terrorizes that person, and that serves no legitimate purpose. . . .
> "(c) 'Course of conduct' means conduct consistent of two or more separate acts over a period of time, however short, evidencing a continuity of purpose which would cause a reasonable person to suffer substantial emotional distress." K.S.A. 2016 Supp. 60-31a02(a)-(c).

4

As explained by our Supreme Court: "When the statute is read as a whole incorporating the individual definitions, the course of conduct that seriously alarms, annoys, torments, or terrorizes the other person must be such that it causes a reasonable person to suffer substantial emotional distress." *Smith v. Martens*, 279 Kan. 242, 251, 106 P.3d 28 (2005). Furthermore, the determination that a person is seriously alarmed, annoyed, tormented, or terrorized is to be based both on the victim's subjective conclusion as well as the objective standard of whether a reasonable person would be in fear for his or her safety. 279 Kan. at 251.

Yang contends that the district court erred in entering the protection from stalking order because there was insufficient evidence that Li feared for her safety. In support of her claim, Yang relies on the decision of a panel of this court in *Manford v. Young*, No. 114,538, 2016 WL 4413493 (Kan. App. 2016) (unpublished opinion). In *Manford*, this court vacated an order of protection from stalking against the petitioner's ex-wife who had been anonymously calling and texting the petitioner. 2016 WL 4413493, at *1. The district court found that the petitioner suffered substantial emotional distress because of his ex-wife's actions but that the petitioner did not actually ever fear for his safety. 2016 WL 4413493, at *1. Nonetheless, the district court entered a protection from stalking order against the defendant. 2016 WL 4413493, at *1. This court vacated the order, explaining that the Protection from Stalking Act requires the petitioner to prove that he or she was actually fearful for his or her personal safety because of the defendant's acts. 2016 WL 4413493, at *2. Because the petitioner explicitly testified that he never believed that he was in any physical danger and instead merely found the communications annoying, this court found the evidence was insufficient to establish "stalking" as defined by K.S.A. 60-31a02.

*Manford* is distinguishable from the case-at-hand because unlike the petitioner in *Manford*, Li testified that she was in fear for her safety because of Yang's actions. Specifically, Li testified that during the incident at story time she was afraid that Yang

5

was going to hit her. When Yang told Li not to leave story time and blocked the exit, Li expressly stated that she was afraid. After the incident where Yang yelled at Li from Yang's driveway, Li testified that she was so anxious she could not sleep. Li expressed through her interpreter that she was anxious because she was afraid of Yang. Although on cross-examination Li stated that she was not afraid because of Yang's actions, she previously testified that she was in fact afraid for her safety. It is not the job of this court to reweigh conflicting evidence. See *Wentland*, 37 Kan. App. 2d at 736. Because Li actually testified that Yang's actions made her afraid for her physical safety, the evidence was sufficient to support the district court's finding that Yang's conduct made Li afraid.

Furthermore, the evidence was sufficient to satisfy the objective component of a protection from stalking claim. As discussed above, to merit relief under the Protection from Stalking Act, not only must the petitioner be actually fearful for his or her safety, but the evidence must also establish that a reasonable person would be afraid. *Martens*, 279 Kan. at 251. Here, a reasonable person would be in fear of his or her safety when being verbally assaulted and physically prevented from leaving an area. Likewise, a reasonable person would be in fear of his or her safety if a neighbor shouted from the driveway that "every time I see you I'm going to verbally assault you."

In sum, the evidence was sufficient to show by a preponderance of the evidence both that Li was actually in fear for her safety because of Yang's actions and that a reasonable person would likewise be fearful. Viewing the evidence in the light most favorable to Li, we conclude there was substantial competent evidence to support the district court's final order of protection from stalking issued against Yang.

Affirmed.

6